UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ESTATE OF CYNTHIA E. SMITH, by
CHARLES SMITH, Executor,

    Plaintiff,

    v.

CHARLES E. CONREY, E&C SERVICES,
LLC and WIRELESS HORIZON, INC.,

    Defendants.

Case No. 13-cv-886-JPG-SCW

**MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by defendant Wireless Horizon, Inc.:

- **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business and the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). The Notice of Removal alleges the principal place of business of defendant Wireless Horizon, Inc. but does not allege its state of incorporation.

- **Failure to allege the citizenship of each member of an unincorporated association.** To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The Notice of Removal fails to allege the citizenship of each member of defendant E&C Services, LLC.

- **Failure to allege the citizenship of decedent.** Where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent.  28 U.S.C. § 1332(c)(2); *see Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008)**;** *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990).  The Notice of Removal alleges the executor's citizenship but not the decedent's citizenship prior to her death.

The Court hereby **ORDERS** that defendant Wireless Horizon, Inc. shall have up to and including September 13, 2013, to amend the faulty pleading to correct the jurisdictional defect.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Defendant Wireless Horizon, Inc.is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: August 30, 2013**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**