UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ESTATE OF CYNTHIA E. SMITH, by
CHARLES SMITH, Executor,

     Plaintiff,

        v.

CHARLES E. CONREY, E&C SERVICES,
LLC and WIRELESS HORIZON, INC.,

     Defendants.

Case No. 13-cv-886-JPG-SCW

**MEMORANDUM AND ORDER**

     This matter comes before the Court on defendant Wireless Horizon, Inc.'s motion to dismiss Counts VII and VIII of plaintiff Charles L. Smith's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 21).   Smith has responded to the motion (Doc. 26), and Wireless Horizon has replied to that response (Doc. 29).

     This case stems from a motor vehicle accident in Illinois between the plaintiff's decedent, Cynthia E. Smith, and a vehicle driven by defendant Charles A. Conrey.   At the time of the accident, Conrey, a member of defendant E & C Services, LLC, had just delivered equipment for Wireless Horizon and was returning home.   Cynthia E. Smith died in the accident, and her estate brings wrongful death and survivor actions.   Counts VII, a survival action, and VIII, a wrongful death action, are against Wireless Horizon, and both seek compensatory and punitive damages.

     Wireless Horizon asks the Court to dismiss Counts VII and VIII to the extent they seek punitive damages because Illinois law does not permit recovery of punitive damages in a common law negligence action under the Illinois Survival Act, 755 ILCS 5/27-6, or the Illinois Wrongful Death Act, 740 ILCS 108/1.   *See Vincent v. Alden-Park Strathmoor, Inc.*, 948 N.E.2d 610, 615 (Ill. 2011).

The plaintiff does not dispute that Illinois law would not allow him to recover punitive damages.   Instead, he notes that Counts VII and VIII are based on the theory that Wireless Horizon, a Missouri corporation, was negligent in hiring Conrey, a Missouri citizen, in the state of Missouri to transport its equipment to Illinois.   Because the allegedly wrongful conduct – hiring Conrey – occurred in Missouri, the plaintiff believes the applicable law is Missouri law, which allows damages for "aggravating circumstances," which equivalent to punitive damages, in survival and wrongful death actions.   *See* Mo. Stat. § 537.090; *Bennett v. Owens-Corning Fiberglas Corp.,* 896 S.W.2d 464, 466 (Mo. 1995) (finding aggravating circumstances equivalent to punitive damages); *see also Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 628 n.1 (Mo. 2013).

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.   *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

In this case, the critical question is whether the plaintiff has pled sufficient facts to show it is entitled to relief in a survival or wrongful death action, not whether it is entitled to every type of relief it requests in such an action.   As long as it can obtain some relief, dismissal is inappropriate.

The plaintiff pleads sufficient facts in the Second Amended Complaint to suggest he has a right to relief under Counts VII and VIII, so the Court will not dismiss those causes of action.

Perhaps a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) might have been more appropriate. Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

Here, the requests for punitive damages in Counts VII and VIII are not redundant, immaterial, impertinent or scandalous and will not cause any undue prejudice to Wireless Horizon. Indeed, based on the current briefing, whether punitive damages are available appears to be a material issue in this case. Thus, the Court declines to strike the request for punitive damages in Counts VII and VIII.

3

The parties have identified the crucial legal issue to deciding whether punitive damages apply – whether Illinois or Missouri substantive law applies to Counts VII and VIII – but neither party has adequately addressed their issue in its briefing.   They suggest the Court set a briefing schedule, but the Court is not inclined to accept briefs out of the context of a pending motion or a trial.   Thus, the Court will not set a briefing schedule at this time but notes that the parties may address the choice of law issue at the summary judgment stage, where they can present facts to support their respective choice of law positions.   At that time, the Court may decide the discrete issue of whether punitive damages are available in Counts VII and VIII.   *See* Fed. R. Civ. P. 56(g).

For the foregoing reasons, the Court **DENIES** Wireless Horizon's motion to dismiss Counts VII and VIII (Doc. 21).

**IT IS SO ORDERED.**
**DATED: August 15, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

4